UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CLIFTON WATSON,

    Plaintiff,                                    No. 17-11833

v.                                              District Judge Arthur J. Tarnow
                                                      Magistrate Judge R. Steven Whalen

CITY OF BURTON, ET AL.,

    Defendants.
_____/

**OPINION AND ORDER**

On May 15, 2017, Plaintiff Michael Clifton Watson filed a *pro se* civil complaint in the Genesee County Circuit Court, alleging violation of constitutional rights by the City of Burton and Burton Police Officers. Defendants removed the case to this Court on June 9, 2017. Before the Court is Plaintiff's Motion for Leave to File Amended Complaint [Doc. #13]. For the reasons discussed below, the Motion is GRANTED IN PART AND DENIED IN PART.

Plaintiff's claims arise out of his arrest by City of Burton Police Officers and his subsequent prosecution on a misdemeanor charge. The amended complaint alleges that the charge was ultimately dismissed. He brings the following claims: False Arrest (Count I); False Imprisonment (Count II); Civil Conspiracy (Count III); and "Racial Discrimination" (also labelled Count II). The Amended Complaint also refers in general terms to 42 U.S.C. § 1983 and the Fourth Amendment.

In bringing these claims, the Amended Complaint cites a number of Michigan criminal statutes. As might be expected from a pleading filed by a *pro se* litigant, the Amended Complaint takes a bit of a scattershot approach, and reflects author who does

-1-

not have a clear handle on the law. Nevertheless, Plaintiff's pleadings and arguments will not be held to the standard of a practicing attorney, but will be given a liberal construction. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

With that in mind, to the extent that Plaintiff bases his false arrest and false imprisonment claims on Michigan criminal statutes, they are improper and must be dismissed as such. Claims under Michigan's penal code do not provide a private cause of action and are also subject to dismissal. "[G]enerally, where a statute contains criminal penalties for violations of its provisions . . . no private cause of action based on alleged violations of the statute will lie." *Patton v. Village of Cassopolis,* 2012 WL 205832, *5 (January 24, 2012)(citing *Lane v. KinderCare Learning Ctrs Inc,* 231 Mich.App 689, 699; 588 NW2d 715 (1998)); *Lowell R. Fisher v. WA Foote Memorial Hosp,* 261 Mich.App 727, 730; 683 NW2d 248 (2005).

However, the Amended Complaint, which clearly alleges an arrest and prosecution that was not based on probable cause, can be fairly construed to raise Michigan common law claims of false imprisonment and false arrest. The Amended Complaint may also be construed to raise a Fourth Amendment claim under 42 U.S.C. § 1983, based on the allegations of an unlawful seizure of Plaintiff's person. Those claims can therefore go forward.

The Amended Complaint raises an allegation of "racial discrimination" regarding Plaintiff's arrest. This allegation may be fairly construed as raising a claim under the Equal Protection Clause of the Fourteenth Amendment, and can go forward on that basis.

Finally, Plaintiff raises a claim of civil conspiracy among the Burton Police Officers. Because the Defendants were all members of the same legal entity (the Burton Police Department), the conspiracy claim is barred by the intracorporate conspiracy doctrine, which states as follows:

> "According to the intracorporate conspiracy doctrine, members of the same legal entity cannot conspire with one another as long as their alleged acts were within the scope of their employment."

*Jackson v. City of Columbus*, 194 F.3d 737, 753 (6th Cir. 1999), *overruled on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002). The intracorporate conspiracy doctrine is applicable to governmental entities. *See Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.,* 926 F.2d 505, 509-10 (6th Cir.1991)(applying doctrine where conspiracy was alleged between school superintendent, executive director of the district, and a school administrator); *Jocham v. Tuscola County*, 239 F.Supp.2d 714, 732 (E.D.Mich. 2003)(stating, in *dicta*, that doctrine would preclude a conspiracy claim against County Commissioners). Permitting Plaintiff to amend his complaint to add a conspiracy claim would therefore be futile.

Accordingly, Plaintiff's Motion for Leave to File Amended Complaint [Doc. #13] is GRANTED IN PART, to the extent that the Amended Complaint will be construed to raise the following claims: (1) violation of the Fourth Amendment based on Plaintiff's arrest; (2) violation of the Equal Protection Clause of the Fourth Amendment; (3) Michigan common law claim of false arrest; and (4) Michigan common law claim of false imprisonment.

As to all other claims asserted in the Amended Complaint, the motion is DENIED.

IT IS SO ORDERED.

Dated: August 16, 2017        s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

---

**CERTIFICATE OF SERVICE**

**I hereby certify on August 16, 2017 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants August 16, 2017.**

       s/Carolyn M. Ciesla
**Case Manager for the
Honorable R. Steven Whalen**