UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CLIFTON WATSON,

    Plaintiff,                                   No. 17-11833

v.                                           District Judge Arthur J. Tarnow
                                                  Magistrate Judge R. Steven Whalen

CITY OF BURTON, ET AL.,

    Defendants.
_____/

# ORDER

Before the Court is Plaintiff's motion to strike Defendants' answer and for default judgment [Doc. #22]. Plaintiff asks the Court to strike Defendants' answer to the original complaint. However, the Court has since granted leave for Plaintiff to file an amended complaint, and Defendants have filed an answer to the amended complaint. Therefore, the motion is moot.

In addition, Plaintiff is not entitled to a default judgment. In order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). A default *judgment* is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D.Mich.2000) (quoting *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975)). In *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one

another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

*See also Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004) (quoting *Sys. Indus., Inc. v. Han,* 105 F.R.D. 72, 74 (E.D.Penn.1985)) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the Jersey City Public Employees Union,* 511 F.Supp. 171, 176 (D.N.J.1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

In this case, the Clerk has not entered of default under Rule 55(a). Therefore, Plaintiff is not entitled to a default judgment under Rule 55(b).

Accordingly, Plaintiff's Motion [Doc. #22] is DENIED.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 6, 2017

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 6, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen